IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 12-cv-00136-RPM, Gallant v. U.S.A.
Civil Action No. 12-cv-00175-RPM, Baetz v. U.S.A.

(Criminal Action No. 03-cr-00232-RPM)

UNITED STATES OF AMERICA,

    Respondent,

v.

GLENN M. GALLANT and
DOUGLAS R. BAETZ,

    Movants.

_____

ORDER OF DISMISSAL
_____

    On January 18, 2012, Glenn M. Gallant, represented by his attorney, Clifford J. Barnard, filed a motion pursuant to 28 U.S.C. § 2255 to vacate his convictions for the following violations: one count of conspiracy to defraud the government (18 U.S.C.§ 371) (Count 1); thirteen counts of bank fraud (18 U.S.C. § 1344) (Counts 32-44); eight counts of false bank reports (18 U.S.C. § 1005) (Counts 47-54); thirteen counts of wire fraud (18 U.S.C. § 1343) (Counts 55-60, 62, 65, 68-70, 72-73); and one count of a continuing financial crimes enterprise (CFCE) (18 U.S.C. § 225) (Count 74), claiming ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution.

    On January 23, 2012, Douglas R. Baetz, acting *pro se*, filed his § 2255 motion to vacate his convictions for violations of the same statutes claiming ineffective assistance

of his counsel, in violation of the Sixth Amendment.

These motions were designated as Civil Actions Nos. 12-cv-00136-RPM and No. 12-cv-00175-RPM, respectively.

An order requiring the United States Attorney to answer by March 23, 2012, in Civil Action No. 11-cv-00136 was vacated on January 25, 2012, pursuant to Gallant's motion to hold in abeyance any determination pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings and permit the filing of a movant's brief. Baetz made the same motion in his case. After several extensions of time were granted, Gallant filed his brief, with his declaration with those of Steven Choquette and Melody Long attached.

Baetz filed his brief, with attachments, including his declaration, on August 22, 2012, with a motion to include by reference the supporting documents filed by co-defendant Gallant. That motion is accepted.

These motions with all attachments have now been considered together with the trial record and the opinion of the Tenth Circuit Court of Appeals deciding the direct appeal, resulting in affirming the convictions being challenged. *United States v. Gallant,* 537 F.3d 1202 (10th Cir. 2008). Also considered was the evidence heard on October 26-28, 2009, upon remand, resulting in the Calculation of Sentencing Guidelines, entered on November 5, 2009.

For the reasons that follow, it plainly appears that the movants are not entitled to relief and the motions must be dismissed.

The evidence resulting in the jury verdicts of guilty on these charges is accurately summarized in the appellate opinion and need not now be repeated. Both movants

have, with one major exception, cited the same deficiencies in the performance of the lawyers defending them at trial.

The essence of the criminal case was that Baetz and Gallant, through business entities that they owned, principally, Century Financial Services, Inc., ("Century"), fraudulently manipulated the operation of a credit card portfolio financed by BestBank, a Colorado bank insured by the Federal Deposit Insurance Corporation (FDIC) resulting in such losses that the state banking regulators forced it to close and the FDIC took control of its assets.

The primary focus of the evidence at trial was the Bank's issuance of Visa credit cards having a credit limit of $600 with an immediate charge of $498.00 for membership in the All Around Travel Club ("AATC") and an annual fee of $45.00.  Thus, by incurring a debt of $543.00, the cardholder gained the ability to charge $57.00 at merchants participating with Visa.  AATC members were to receive a packet of benefits, including the offer of a Carribean cruise at a low price and travel expense discounts, as explained in a brochure and videotape, with a membership card.

Telemarketing was the primary means of advertising.  The agreement between the Bank and Century provided that a person responding to the scripted solicitation made by telemarketers would submit a written application with a $20.00 payment to open the account and then receive the fulfillment package with the plastic credit card. The account was then to be opened with a $543.00 balance recorded as a loan receivable in the Bank's records and a credit in Century's accounts with the Bank.

Baetz and Gallant controlled all of the operating functions of this program, including the electronic record keeping of the accounts.  Through means described in

the Tenth Circuit opinion Century obtained funds from the Bank which resulted in a loss of $61,135,591.00, the amount used to determine the sentences for Baetz and Gallant pursuant to the Calculation of November 5, 2009, (Doc. 1479).

The evidence heard at the post trial hearing in October, 2009, was not presented to the jury and is not directly relevant to a determination of whether the movants were denied a fair defense against these charges at the jury trial.  They allege that their attorneys failed to conduct an adequate investigation and presentation of evidence that may have been explanatory or exculpatory.  The post trial evidence is relevant to the determination of whether the inadequacies argued would have likely made a difference in the outcome of the trial.  The movants were represented by different counsel on appeal and at the October hearing.

At their core, the movants' allegations are that their trial counsel did not understand the complexities involved in the operation of the subprime credit card industry, the data processing involved, the Bank's regulatory requirements and the interaction between the Bank and Century through an operating account which they say should have been seen as a clearing account.

Richard Huddleston was an expert witness called by the defense at trial.  He had been engaged as a consulting expert by Steven Choquette in November, 2001, in his representation of Gallant, Baetz and Century in a civil action, filed by the FDIC in 1998, stayed because of the criminal proceedings.  Steven Choquette signed a declaration, dated June 19, 2012, submitted by the movants, attesting to Mr. Huddleston's ability to testify as a defense witness concerning merchant credits, delinquency reporting and reserve requirements.  There are no specifics provided as to what this witness could

have said at the trial that was not included in the testimony he gave.

Because there are no specifics as to what testimony would have been given by the other suggested witnesses, Harold Hendrickson, Lori Boyd, Scott Boyd, A.J.Felton, and Keith McDaniel, there is no basis for finding that calling them would have developed an alternative approach to the defense of these charges. The movants also claim that the testimony of John Low was inadequate because of lack of preparation. He was the Bank's attorney at the time of its closing and they say he may have been able to testify as to the value of assets available to the defendants and Century to honor their obligations to the Bank to prevent closure. That, however, would not have affected the evidence of fraud and the Bank closing was addressed at the hearing on loss after remand. The testimony of Marion Harris and Jeffrey Opp and the government's exhibits provided a full and fair opportunity for all of the defendants to challenge the effects of the AATC program on the Bank. That defeats the movants' claim that the jury would have decided the case differently if they had more information about this business and the circumstances of the Bank closing resulting in the FDIC receivership.

The apparent defense that the movants rely on is that the Bank and its officers were at fault in causing the losses from the AATC program. They say that merchant accounts were a problem. They also say that their conduct was known and approved by Bank officers. The complicity of the bank officials was the subject of a separate bench trial resulting in the findings of guilt pursuant to Rule 23(c) made on February 12, 2007. Nothing in that evidence would be helpful to these defendants and the evidence included that of Melody Long and others the movants rely on.

In his declaration Baetz says that on the last day of trial testimony he told his

attorney that he wanted to testify but his attorney would not permit it, threatening to withdraw if Baetz insisted on taking the stand.  According to this declaration Baetz found himself in the position of not knowing whether his lawyer would follow through on that threat and also knowing that if he did become a witness his lawyer was not prepared to be effective in his questioning.  Accordingly, Baetz says he chose not to testify because it would be a disaster.  After reviewing what the rest of Baetz' declaration says, that is probably a good estimate of what would have happened.

The defense in this case, as in most criminal cases, was reliance on the presumption of innocence and a vigorous challenge to the government's evidence to create reasonable doubt in the minds of the jurors.  The lawyers representing Baetz and Gallant vigorously challenged the prosecution evidence.  Their lack of success was the result of the overwhelming proof of guilt.  There is no showing made by these movants that would justify further proceedings on these motions.  Accordingly, it is

ORDERED that the motions are denied.

DATED: December 19th, 2012

                                       BY THE COURT:

                                       s/Richard P. Matsch
                                       _____
                                       Richard P. Matsch, Senior Judge